**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| STEVEN BRICE WIBRACHT § | CASE NO. 17-52300-RBK | |
| AND ERIN MICHELLE WIBRACHT, § | CHAPTER 7 | |
| § | | |
| DEBTORS. § | | |
| § | | |
| TRAVELERS CASUALTY AND SURETY § | | |
| COMPANY OF AMERICA, PLAINTIFF § | | |
| § | | |
| v. § | ADVERSARY PROCEEDING | |
| § | NO. 18-05203-RBK | |
| STEVEN BRICE WIBRACHT § | | |
| AND ERIN MICHELLE WIBRACHT, § | | |
| DEFENDANTS. § | | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

**TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:**

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") files this Motion to Dismiss Counterclaim (the "Counterclaim") filed by Steven Brice Wibracht and Erin Michelle Wibracht (the "Debtors" or the "Wibrachts"), and states:

**I.    INTRODUCTION**

1. On April 4, 2018, Travelers filed its Complaint Objecting to Discharge (the "Complaint")[1], commencing the instant adversary proceeding. By the Complaint, Travelers objects to the Debtors' discharge pursuant to Sections 727(a)(2)(A) and (B), 727(a)(3), 727(a)(4)(A) and 727(a)(5) of Title 11 of the U.S. Code (the "Bankruptcy Code"). On September 17, 2018, the Debtors filed their Counterclaim.

---

[1] On May 25, 2018, Travelers filed an amended Complaint (*see* DE 14), which was substantially similar to the Complaint.

{00387007 2}

2. Travelers submits that the Counterclaim should be dismissed for lack of standing because the Debtors are not "parties in interest" under Section 502(a) of the Bankruptcy Code and lack standing to object to Travelers' proof of claim filed in this case. Further, to the extent that the Debtors are pursuing affirmative claims against Travelers, these claims belong to the chapter 7 estate and are within the exclusive province and power of the chapter 7 trustee to assert.

3. To the extent that the claims set forth in the Counterclaim are intended to serve as affirmative defenses to Travelers' Complaint, the Debtors filed an extensive amended answer to the Complaint (the "Amended Answer"), which sets forth such defenses that are repetitive of the claims set forth in the Counterclaim.[2] (*See* Adv Doc # 53).

4. At a scheduling conference held on October 15, 2018, counsel for the Debtors asserted that the Counterclaim is meant to serve as an objection to proof of claim 18 filed by Travelers in the amount of $12,561,301.08 ("POC 18"). The Wibrachts' counsel explained that part of the Debtors' defense strategy to the Complaint is to assert that POC 18 is invalid. The Wibrachts' counsel further explained that the Debtors believe that their purported claim objection would block Travelers from objecting to the Debtors' discharge. In addition, the Wibrachts' counsel stated that the Debtors wished to file a motion to bi-furcate trial to handle matters related to the Debtors' claim objection before the merits of the Complaint were heard by the Court. The Court rejected the Wibrachts' counsel's suggestion and set trial for February 26-28, 2019.[3]

---

[2] Travelers notes that the Debtors filed a motion for leave to file the Amended Answer on September 17, 2018 at docket entry 37. Travelers did not object to the Debtors' motion and the Court permitted the Debtors to file their Amended Answer.

[3] Travelers submits that to the extent that the Debtors are using an objection to POC 18 as a defense in the above-referenced action, Travelers is prepared to present sufficient evidence at trial to prove that that POC 18 is valid and correct.

5. Travelers submits that the true purpose of the Counterclaim is to improperly assert claims that, if meritorious[4], belong to the estate and the Debtors are without standing to pursue. The Counterclaim's prayer for relief seeks a money judgment, punitive damages and attorneys' fees (among other relief). Specifically, the prayer for relief under the Counterclaim states as follows:

> Defendants pray that Plaintiff be cited to answer and appear herein and that upon final hearing, Defendants [i.e., Debtors] recover of and from the Plaintiff [i.e., Travelers], their actual damages, declaratory judgment, lien avoidance, claim disallowance, punitive damages, attorney's fees and costs of court together with pre-judgment interest, and for such other and further relief to which the Defendants may be entitled.

(*See* Counterclaim, p. 18). As such, it appears that the Debtors are attempting to personally reap the benefit of an alleged claim that they previously failed to disclose at the commencement of the Bankruptcy Case.

6. Indeed, the Debtors' recent amendment to their Schedules further demonstrates that the Counterclaim is an impermissible attempt by the Debtors to improperly assert claims that belong to the estate. (*See* Bankr. Case No. 17-52300, DE 121). On September 16, 2018, the day before the Debtors filed the Counterclaim (and nearly one year since commencing their Bankruptcy Case), the Debtors amended their Schedules A/B to reflect a previously undisclosed asset of the estate. The asset that the Debtors revealed is the following description of claims against Travelers,

> Claims against Travelers and its agents including Terry Nielsen for misrepresentation, fraud, $18,000,000.00 overreaching, bringing actions on fraudulently obtainted [SIC] documents, fraud in the inducement, claims for or related to invalid bonds on which unlawful commissions or referral fees were paid, invalidating liability, if any, is disputed, indemnitors, and including related

---

[4] Travelers submits that the Debtors' claims are not meritorious.

>> claims against Time Insurance and its agents and former agents and all of their lawyers. In the alternative, claims for breach of contract (which is disputed) for not releasing debtors from future bonds after receiving notice of desire to be released from future bonds, alteration of documents and filing of UCC financiing [SIC] statement without debtors' consent and related torts. These claims may also be asserted as setoff and/or recoupment. These claims include claims for attorney's fees, damages and punitive damages as well as lien avoidance.

(*See id.* at p. 13, question 34 of Amended Schedules A/B).

7. Finally, even if Debtors' counsel is to be taken at his word (stated during his oral argument to the Court on October 15, 2018) that the purpose of the Counterclaim is to object to POC 18, the Debtors similarly lack standing to file an objection to Travelers' proof of claim. *See* 11 U.S.C. 502(a)*; see also supra* at ¶¶ 18 - 20.

8. Therefore, Travelers files this Motion to Dismiss and respectfully requests the Court to dismiss the Counterclaim because the Debtors have improperly attempted to assert claims that belong to the chapter 7 estate and are within the province and power of the chapter 7 trustee to assert, not the Debtors. In addition, the Debtors lack standing to file an objection to POC 18. Further, to the extent that the Counterclaim is meant to be a vehicle to lodge the Debtors' defenses to the Complaint, the Debtors have already lodged such defenses in their Amended Answer. Thus, the Counterclaim is not only improper under the law and should be dismissed.

9. A copy of the proposed Order is attached hereto as Exhibit A.

## II. BACKGROUND FACTS

10. On September 30, 2017, the Debtors jointly filed a petition for relief under Chapter 7 of the Bankruptcy Code with the clerk of this Court commencing the Bankruptcy Case.

11. On November 2, 2017, each of the Debtors attended their first meeting of creditors pursuant to Section 341 of the Bankruptcy Code and gave testimony under oath. The first meeting of creditors was continued to December 11, 2017. Mr. Steven Wibracht appeared and gave testimony under oath on behalf of the Debtors on December 11, 2017.

12. On February 2, 2018, the Office of the U.S. Trustee served a Notice of Intent to Conduct Rule 2004 Examination of Steven Brice Wibracht ("2004 Notice") under Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2004, seeking documents and additional testimony from the Debtors. On February 22, 2018, Mr. Steven Wibracht appeared and again gave testimony under oath pursuant to the 2004 Notice.

13. The Debtors established a pattern of amending their Schedules and/or Statement of Financial Affairs shortly after they have been required to give testimony under oath during the aforementioned examinations. They amended their Schedules on November 10, 2017, nine (9) days after their initial section 341 meeting of creditors. (*See* Bankr. Case No. 17-52399, DE 16). They amended their Schedules on March 14, 2018, less than thirty (30) days after their Bankruptcy Rule 2004 exam. (*See* Bankr. Case No. 17-52399, DE 84). The amendments corresponded with revelations that the Debtors made during sworn testimony. These revelations took the form of inconsistent sworn statements which lead to the identification of assets that the Debtors had previously kept secret, such as life insurance policies, guns, vehicles and jewelry and other potentially valuable assets.

14. On April 4, 2018, Travelers filed its Complaint commencing the instant adversary proceeding. By the Complaint, Travelers objects to the Debtors' discharge pursuant to Sections 727(a)(2)(A) and (B), 727(a)(3), 727(A)(4)(A) and 727(a)(5) of the Bankruptcy Code.

15. Five months later, nearly a year since commencement of the Bankruptcy Case and after the deadlines to object to discharge and file a proof of claim had passed, the Debtors amended their schedules for a third time, this time (and for the first time) disclosing their alleged claims against Travelers.

16. The very next day, on September 17, 2018, the Debtors filed the Counterclaim wherein the Debtors now impermissibly attempt to assert such claims against Travelers.

17. On October 12, 2018, the Debtors filed their Amended Answer which includes extensive affirmative defenses that are repetitive of the claims made in the Counterclaim.

### III. ARGUMENTS AND AUTHORITIES

18. It is well-settled that assets of the chapter 7 bankruptcy estate belong to the estate and the chapter 7 trustee is the only party in interest with standing to assert them. In fact, the U.S. Court of Appeals for the Fifth Circuit has held, that "[o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished" and the appointed bankruptcy trustee becomes "the representative of the bankruptcy estate." *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam); *see also Johnson v. Deutsche Bank Nat'l Trust Co.*, Div. No. 3:12-CV-3542-L, 2013 WL 3810715, *6 (N.D. Tex. July 23, 2013). The Fifth Circuit further held that the chapter 7 trustee is the correct party in interest and the only party with standing to prosecute causes of action of the estate. *Id.; see also Vineyard v. BAC Home Loan Serv'g, L.P.* No. A-10-CV-842-LY, 2011 WL 8363481 at *4 (W.D. Tex. Dec. 28, 2011). Therefore, the Debtors' affirmative claims against Travelers in the Counterclaim must be dismissed.

19. Moreover, to the extent that the Counterclaim is meant to serve as an objection to POC 18, the Debtors are also without standing to object, and the Counterclaim should be dismissed. Under section 502(a) of the Bankruptcy Code, a proof of claim is deemed allowed

unless a "party in interest" objects. *See also* Fed. R. Bankr. P. 3008. Although, the Bankruptcy Code does not define the term "party in interest," "the vast majority of courts have held that only a Chapter 7 trustee may file objections to a proof of claim." *U.S. v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000).

20. Indeed, "almost every court that has dealt with the issue of a Chapter 7 debtor's standing to object [to a proof of claim], has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim." *Id.; see also Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985)(insolvent debtor lacked standing to object to trustee's sale of estate's primary asset); *Kapp v. Naturelle, Inc.,* 611 F.2d 703 (8th Cir. 1979)(debtor under Act lacks standing to object to claim); *In re Woodmar Realty Co.*, 241 F.2d 768 (7th Cir. 1957)(corporate debtor under Act lacks standing to object to claim); *Gregg Gain Co. v. Walker Grain Co.,* 285 F. 156 (5th Cir. 1922) (debtor under Act lacks standing to object to claim); *Caserta v. Tobin*, 175 B.R. 773 (S.D. Fla. 1994)(chapter 7 debtor lacks standing to object to claim); *In re Silverman,* 37 B.R. 200 (S.D. N.Y. 1982)(debtor lacks standing to object to claim); *In re Creditors Service Corp.*, 206 B.R. 174 (Bankr. S.D. Ohio 1997) (chapter 7 debtor lacks standing to object to chapter 7 trustee's administration of the estate); *In re Woods,* 139 B.R. 876 (Bankr. E.D. Tenn. 1992)(chapter 7 debtor lacks standing to object to claim). The clerk's claims register in the Debtors' chapter 7 case reflects $13,437,213.35 in claims filed against the Debtors. The Debtors' Schedules do not reflect sufficient assets to result in a 100% pay-out to creditors such that a surplus would be created in the Debtors' chapter 7 case.

21. Notably, the Fifth Circuit Court of Appeals has also held, "[t]hat interest must be in the estate to be administered and distributed. … The bankrupt, being insolvent, has no interest in the manner of distribution of the assets of the estate among his creditors. … That is a matter in

which the creditors alone are interested." *Gregg Grain Co.*, 285 F. at 157; *see also In re Coleman*, 131 B.R. 59 (Bankr. N.D. Tex. 1991).

22. As such, case law is clear that the Debtors lack standing to object to POC 18, and therefore, on such grounds the Counterclaim should be dismissed.

## IV. CONCLUSION

23. For the reasons stated herein, the Debtors lack standing to pursue the Counterclaim. Further, as stated by Debtors' counsel to this Court at its scheduling conference held on October 15, 2018, the assertions made by Debtors in the Counterclaim represent Debtors' defenses to the Complaint. The Debtors have already lodged these defenses in their Amended Answer filed with the Court on October 12, 2018.

WHEREFORE, Plaintiff Travelers Casualty and Surety Company of America, requests that this Court enter an order (i) granting this Motion; (ii) dismissing the Counterclaim; and (iii) granting such other and further relief is just.

DATE: October 16, 2018                    Respectfully submitted,

                                       **PULMAN, CAPPUCCIO & PULLEN, LLP**
                                       2161 NW Military Highway, Suite 400
                                       San Antonio, Texas 78213
                                       www.pulmanlaw.com
                                       (210) 222-9494 Telephone
                                       (210) 892-1610 Facsimile

                              By:    */s/ Thomas Rice*
                                          Randall A. Pulman
                                          Texas State Bar No. 16393250
                                          rpulman@pulmanlaw.com
                                          Thomas Rice
                                          Texas State Bar No. 24025613
                                          trice@pulmanlaw.com

                                       --AND--

        Jennifer L. Kneeland (*Admitted Pro Hac Vice*)
        Email: jkneeland@watttieder.com
        Marguerite Lee DeVoll (*Admitted Pro Hac Vice*)
        Email: mdevoll@watttieder.com
        **WATT TIEDER HOFFAR & FITZGERALD, LLP**
        1765 Greensboro Station Place, Suite 1000
        McLean, Virginia 22102
        Telephone: (703) 749-1000
        Facsimile: (703) 893-8029

        **ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing document was electronically filed and served via the Court's CM/ECF System on October 16, 2018 to the following counsel of record as set forth below:

        ***Via CM/ECF*** marty@seidlerlaw.com
        Martin Seidler
        Law Offices of Martin Seidler
        One Elm Place, Suite E504
        11107 Wurzbach Road
        San Antonio, Texas 78230

        *Counsel to Defendants*

                */s/ Thomas Rice*
                Thomas Rice

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| STEVEN BRICE WIBRACHT | § | CASE NO. 17-52300-RBK |
| AND ERIN MICHELLE WIBRACHT, | § | CHAPTER 7 |
| | § | |
| DEBTORS. | § | |
| | § | |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, PLAINTIFF | § | |
| | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | NO. 18-05203-RBK |
| STEVEN BRICE WIBRACHT | § | |
| AND ERIN MICHELLE WIBRACHT, | § | |
| DEFENDANTS. | § | |

**ORDER GRANTING**
**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

On this date came on to be heard the *Motion* (the "Motion") of Plaintiff Travelers Casualty and Surety Company of America ("Travelers") *to Dismiss Counterclaim* (the "Counterclaim") filed by Steven Brice Wibracht and Erin Michelle Wibracht (the "Defendants"

{00387021}

or the "Debtors"). After considering the pleadings and representation of counsel, this Court is of the opinion that the Motion is well taken and should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' Counterclaim is hereby DISMISSED.

# # #

Order Submitted by:

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Thomas Rice
Texas State Bar No. 24025613
trice@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR PLAINTIFF,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

{00387021}